**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

SARI NELSON,

        Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

No. 20-CV-2035-LRR

**ORDER**

_____

I.    *INTRODUCTION*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1
II.   *RELEVANT PROCEDURAL BACKGROUND*. . . . . . . . . . . . . . . . . . . . .2
III.  *STANDARD OF REVIEW*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2
     A.   *Review of Final Decision*. . . . . . . . . . . . . . . . . . . . . . . . . . .2
     B.   *Review of Report and Recommendation*. . . . . . . . . . . . . . . . . . . . .4
IV.  *OBJECTIONS*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5
     A.   *Applicable Law*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5
     B.   *Application*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6
V.    *CONCLUSION*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## *I. INTRODUCTION*

The matter before the court is Defendant Commissioner of Social Security's ("Commissioner") Objections (docket no. 23) to United States Magistrate Judge Mark A. Roberts's Report and Recommendation (docket no. 22), which recommends that the court affirm in part and reverse and remand in part the Commissioner's final decision to deny disability benefits to Plaintiff Sari Nelson.

## II. RELEVANT PROCEDURAL BACKGROUND

On June 3, 2020, Nelson filed a Complaint (docket no. 5), seeking judicial review of the Commissioner's final decision denying Nelson's application for Title II disability insurance benefits and Title XVI supplemental security income ("SSI") benefits. On December 15, 2020, the Commissioner filed an Answer (docket no. 14). On March 15, 2021, Nelson filed the Plaintiff's Brief (docket no. 18). On April 8, 2021, the Commissioner filed the Defendant's Brief (docket no. 19). On April 27, 2021, the matter was referred to Judge Roberts for issuance of a report and recommendation. On December 23, 2021, Judge Roberts issued the Report and Recommendation. On January 6, 2022, the Commissioner filed the Objections. On January 19, 2022, Nelson filed a "Reply to [the Commissioner's] Objections to the Magistrate Judge's Report and Recommendation" ("Reply") (docket no. 24).

The Reply is untimely. As explained in the Report and Recommendation, and, pursuant to 28 U.S.C. § 636(b)(1), parties have fourteen days to file written objections to a report and recommendation. *See* Report and Recommendation at 34; 28 U.S.C. § 636(b)(1). In this case, objections to the Report and Recommendation were due on January 6, 2022. The Commissioner timely filed her Objections on January 6, 2022. Thus, pursuant to Local Rule 7(g) any reply to the Commissioner's Objections was due on January 13, 2022, or seven days after the Commissioner's Objections were filed. Moreover, to the extent that, in the Reply, Nelson also raises an objection to Judge Roberts's consideration of Dr. Peterson's opinions in the Report and Recommendation, such objection is untimely and waived. *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994).

## III. STANARD OF REVIEW

### A. Review of Final Decision

The Commissioner's final determination not to award disability insurance benefits is subject to judicial review. *See* 42 U.S.C. § 405(g). The court has the power to "enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner

. . . with or without remanding the cause for a rehearing." *Id*. The Commissioner's factual findings shall be conclusive "if supported by substantial evidence." *Id*. The Commissioner's final determination not to award SSI benefits is subject to judicial review to the same extent as provided in 42 U.S.C. § 405(g). *See* 42 U.S.C. § 1383(c)(3). An ALJ's decision must be affirmed "if it is supported by substantial evidence in the record as a whole." *Grindley v. Kijakazi*, 9 F.4th 622, 627 (8th Cir. 2021) (quoting *Pickney v. Chater*, 96 F.3d 294, 296 (8th Cir. 1996)). "Substantial evidence 'is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Kraus v. Saul*, 988 F.3d 1019, 1024 (8th Cir. 2021) (quoting *Phillips v. Astrue*, 671 F.3d 699, 702 (8th Cir. 2012)).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the [administrative law judge ("ALJ")], but [it] do[es] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers "both evidence that detracts from the Commissioner's decision, as well as evidence that supports it." *Fentress v. Berryhill*, 854 F.3d 1016, 1020 (8th Cir. 2017); *see also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007) (providing that review of the Commissioner's decision "extends beyond examining the record to find substantial evidence in support of the [Commissioner's] decision" and noting that the court must also "consider evidence in the record that fairly detracts from that decision"). The Eighth Circuit Court of Appeals explained this standard as follows:

> This standard is "something less than the weight of the evidence and it allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal."

*Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994) (quoting *Turley v. Sullivan*, 939 F.2d 524, 528 (8th Cir. 1991)). A court "will disturb the ALJ's decision only if it falls outside the available zone of choice." *Kraus*, 988 F.3d at 1024 (quoting *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir. 2006)). "An ALJ's decision is 'not outside the

zone of choice' simply because [the c]ourt 'might have reached a different conclusion had [it] been the initial finder of fact.'" *Kraus*, 988 F.3d at 1024 (quoting *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008)). Therefore, "even if inconsistent conclusions may be drawn from the evidence, the [Commissioner's] decision will be upheld if it is supported by substantial evidence on the record as a whole." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *see also Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016) (providing that a court "may not reverse simply because [it] would have reached a different conclusion than the [Commissioner] or because substantial evidence supports a contrary conclusion").

### B. Review of Report and Recommendation

The standard of review to be applied by the court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (providing that, when a party properly objects to a report and recommendation on a dispositive motion, a district court must review de novo the magistrate judge's recommendation). The Eighth Circuit has repeatedly held that it is reversible error for a district court to fail to conduct a de novo review of a magistrate judge's report and recommendation when such review is required. *See, e.g.*, *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003); *Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995); *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). The statute governing review provides only for de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). When a party fails to timely object to any portion of a magistrate judge's report and recommendation, he or she waives the right to de novo review. *See Griffini*,

31 F.3d 690, 692 (8th Cir. 1994). The United States Supreme Court has stated that "[t]here is no indication that Congress, in enacting § 636(b)(1)[], intended to require a district judge to review a magistrate's report to which no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 152 (1985). However, "while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under de novo or any other standard." *Id*. at 154.

## IV. OBJECTIONS

In the Objections, the Commissioner argues that: (1) Judge Roberts erred by failing to give proper deference to the ALJ on the issue of Nelson's ability to walk as it relates to her residual functional capacity ("RFC"); (2) Judge Roberts erred in interpreting the regulations with regard to light work; and (3) the case law cited in the Report and Recommendation does not support Judge Roberts's findings. *See generally* Objections at 2-7. After conducting a de novo review of the objected-to portions of the Report and Recommendation and the Administrative Record ("AR") (docket nos. 15-1 through 15-12), the court will overrule the Objections.

### A. *Applicable Law*

When an ALJ determines that a claimant is not disabled, he or she concludes that the claimant retains the RFC to perform a significant number of other jobs in the national economy that are consistent with the claimant's impairments and vocational factors such as age, education and work experience. *See Beckley v. Apfel*, 152 F.3d 1056, 1059 (8th Cir. 1998). "An ALJ determines a claimant's RFC 'based on all the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [her] limitations.'" *Koch v. Kijakazi*, 4 F.4th 656, 667 (8th Cir. 2021) (alteration in original) (quoting *Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017)). Thus, an ALJ must use "'some medical evidence of the claimant's ability to function in the workplace' in order to make a proper RFC assessment; "[t]he ALJ may not simply draw his [or her] own inferences about [the claimant's] functional

5

ability from medical reports." *Id*. (first and third alterations in original) (quoting *Combs*, 878 F.3d at 646); *see also Steed v. Astrue*, 524 F.3d 872, 875 (8th Cir. 2008) ("Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace.").

Additionally, an ALJ "bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press his [or her] case." *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (quoting *Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004)); *see also Smith v. Barnhart*, 435 F.3d 926, 930 (8th Cir. 2006) ("A social security hearing is a non-adversarial proceeding, and the ALJ has a duty to fully develop the record."). "There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis." *Mouser v. Astrue*, 545 F.3d 634, 639 (8th Cir. 2008).

### B. Application

In her decision, the ALJ provided the following RFC assessment for Nelson:

[Nelson] has the residual functional capacity to perform light work as defined in 20 C.F.R. [§§] 404.1567(b) and 416.967(b) such that she could occasionally lift and/or carry 20 pounds and frequently lift and/or carry 10 pounds; stand and/or walk for 6 hours with normal breaks in an 8-hour workday; sit for 6 hours in an 8-hour workday with normal breaks; the ability to push and pull, including the operation of hand and foot controls, would be unlimited with these weights; occasionally climb ramps and stairs, but never climb ladders, ropes or scaffolds; occasionally balance, stoop, kneel, crouch and crawl; need to avoid concentrated exposure to extreme cold and heat, humidity, fumes, odors, gases, poor ventilation or dust; can understand, remember and appropriately carry out simple instructions, use judgment in making simple work-related decisions, and deal with changes in the routine work setting; occasional contact with the public, coworkers and supervisors; and limited to jobs where talking [is] not an essential component of the job.

AR (docket no. 15-2) at 16.

In the Report and Recommendation, Judge Roberts set forth the correct standard for reviewing an ALJ's decision, including acknowledging the deference owed to an ALJ

6

when the ALJ's decision is supported by substantial evidence on the record as a whole. *See* Report and Recommendation at 6-7. While Judge Roberts found that the ALJ's consideration of Nelson's treating physician, Dr. Peterson, was proper, Judge Roberts noted that such a finding "does not end the inquiry" because Nelson's "entire argument is premised on the theory that the ALJ should have found her unable to perform light work because she is unable to, among other things, walk the six hours out of an eight hour day required for light work." *Id*. at 24. Judge Roberts noted that, in the record, Dr. Peterson consistently found that Nelson "walked slowly and stiffly." *Id*. Judge Roberts also noted that while the ALJ found Nelson could perform light work with certain exertional limitations, she did not provide any limitations on Nelson's ability to walk. *See id*. at 25. Judge Roberts pointed out that, while the ALJ acknowledged that Nelson consistently walked slowly and stiffly, the question "becomes whether someone who consistently walks slowly and stiffly can walk up to six hours a day on a fulltime basis and do so up to the standards required by an employer." *Id*. at 26 (citing *Draper v. Barnhart*, 425 F.3d 1127, 1131 (8th Cir. 2005)). In the Report and Recommendation, Judge Roberts exhaustively reviewed Dr. Peterson's findings as they related to Nelson's ability to walk and concluded that Dr. Peterson's opinions regarding Nelson's slow and stiff walk were persuasive. *See* Report and Recommendation at 26-27. Judge Roberts also exhaustively reviewed the other medical evidence in the record and Nelson's own subjective complaints regarding her walking abilities and concluded that the evidence in the record supported Dr. Peterson's opinions regarding Nelson's slow and stiff walking. *See id*. at 27-33. Based on the foregoing analysis of the record, Judge Roberts determined that the ALJ failed to properly consider Nelson's ability to walk slowly and stiffly as it relates to Nelson's ability to perform light work in a typical 8-hour workday. *Id*. at 33. Thus, Judge Roberts recommends that this case should be reversed and remanded for the ALJ to "conduct a proper analysis of [Nelson's] ability to walk six hours in an eight[-]hour day as required to perform light work." *Id*.

First, the Commissioner argues that Judge Roberts failed to give the proper deference to the ALJ's RFC assessment for Nelson. *See generally* Commissioner's Objections at 2-4. The court bears in mind that an ALJ has a duty to fully and fairly develop the record. *See Brown*, 825 F.3d at 939. Contrary to the Commissioner's assertion that Judge Roberts failed to apply the proper deferential standard of review in considering the ALJ's decision, Judge Roberts properly reviewed the ALJ's decision and the administrative record, finding consistent evidence of Nelson's slow and stiff walking in the record and concluding that the ALJ failed to fully develop the record with regard to Nelson's ability to walk when making her RFC assessment for Nelson. *See Koch*, 4 F.4th at 667 (providing that an RFC assessment is based on all the relevant evidence, including the medical evidence and the claimant's subjective description of his or her limitations). Accordingly, the Commissioner's objection based on Judge Roberts's failure to properly follow the standard of review is overruled.

Second, the Commissioner asserts that Judge Roberts improperly focused on the requirement of walking six hours in and eight-hour workday as a requirement for light work and "ignored that the regulation is written in the conjunctive," that is light work includes walking or standing for six hours and sitting and pushing or pulling controls for extended periods of time. *See* Commissioner's Objections at 4. The court is unpersuaded by this argument. While the Commissioner correctly points out that the regulations provide for more than just walking six hours in and eight-hour workday for light work, the Commissioner ignores that, in this case, the ALJ specifically found that Nelson could "stand and/or walk for 6 hours with normal breaks in an 8-hour workday." AR (docket no. 15-2) at 15. Judge Roberts's consideration of Nelson's ability to walk for six hours in an eight-hour workday is not a misreading of the regulations. Accordingly, the Commissioner's objection based on Judge Roberts's alleged misreading of the regulations is overruled.

Third, the Commissioner argues that certain cases cited by Judge Roberts in the Report and Recommendation do not support the proposition that a claimant with a slow

8

and stiff walk restricts a claimant to sedentary work. *See* Commissioner's Objections at 5. The court is unpersuaded by the Commissioner's argument. While Judge Roberts did cite to several cases where, due a claimant's slow gait, the claimant was found to be limited to sedentary jobs, nowhere in the Report and Recommendation does Judge Roberts suggest that Nelson should be limited to sedentary work due to her slow and stiff walk. Instead, based on a consistent record of Nelson having a slow and stiff gait, and, based on the ALJ's failure to adequately address Nelson's slow and stiff gait, Judge Roberts determined that this matter should be reversed and remanded to allow the ALJ to fully and fairly develop the record as it pertains to Nelson's RFC and her ability to perform light work with a slow and stiff gait. The Commissioner's argument regarding Judge Roberts's case citations is irrelevant to Judge Roberts's analysis of the ALJ's development of the record as to Nelson's slow and stiff gait in relation to Nelson's RFC. Accordingly, the Commissioner's third objection is overruled.

## V. CONCLUSION

In light of the foregoing, it is hereby **ORDERED**:

(1)  The Objections (docket no. 23) are **OVERRULED**; and

(2)  The Report and Recommendation (docket no. 22) is **ADOPTED** and the final decision of the Commissioner is **AFFIRMED in part** and **REVERSED and REMANDED in part** in accordance with the Report and Recommendation.

**IT IS SO ORDERED**.

**DATED** this 11th day of February, 2022.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA